OPINION
Defendant-appellant, Alfred R. Baker, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating his marriage to plaintiff-appellee, Verna H. Baker, and dividing the parties' property.
On September 9, 1994, appellee filed a complaint for divorce. A final hearing on the division of the parties' property was held on June 27, 1996. The evidence at the hearing showed that the parties were married on August 28, 1943. There were ten children from the marriage, all emancipated. The parties' assets included a marital residence in Union Township, Butler County, Ohio. Both parties presented evidence regarding the value of the marital residence. Appellee submitted a realtor's opinion that the value of the marital residence in January 1995 was $167,000. Appellant submitted an appraisal that valued the marital residence at $215,000. The evidence also revealed that the parties owned several tracts of property in Kentucky. Appellee inherited a one-fifth interest in a forty-eight acre tract located in Leslie County, Kentucky. Appellee and appellant subsequently purchased an additional two-fifths interest in this tract for $400. The other Kentucky properties that the parties purchased during the course of their marriage were appraised at $166,000.
In a decision issued on September 28, 1996, the trial court granted the divorce. In dividing the marital property, the trial court ordered that the marital residence be listed for sale at $215,000. The net proceeds from the sale were to be divided equally between the parties. The trial court also divided all of the Kentucky properties equally, except for the parties' interest in the Leslie County tract which was awarded to appellee. On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SETTING THE OFFICIAL APPRAISAL AMOUNT AS THE CEILING ON THE INITIAL LISTING PRICE OF THE HOUSE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN PRESUMING THAT APPELLANT WAS RESPONSIBLE FOR THE STOLEN $10,000 CASH AND CHARGING THIS FULL AMOUNT AGAINST HIS SHARE OF THE MARITAL PROPERTY WITHOUT CITING SUFFICIENT PROOF OF APPELLANT'S CULPABILITY OR REQUIRING THE PLAINTIFF-APPELLEE TO ESTABLISH EVIDENCE OF WRONGDOING.
In his first assignment of error, appellant asserts that the trial court erred in ordering that the marital residence be listed for sale at $215,000. A trial court's discretion in determining the division of marital property extends to the court's decision to order the sale of the marital residence. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Thus, an order requiring the parties to sell the residence is subject to the abuse of discretion standard upon review. Id. When expert testimony is admitted into evidence regarding property valuation, the trial court may believe all of what the witness says, none of it or part of it. Phillips v. Phillips (Aug. 16, 1993), Butler App. No. CA92-11-213, unreported; Tolliver v. Tolliver (Jan. 22, 1991), Clinton App. No. CA90-07-015, unreported.
Although appellant argues that the trial court abused its discretion by setting a listing price without considering market conditions, the record discloses that the listing price selected by the trial court was based upon appellant's evidence regarding fair market value. Appellant's appraiser testified that the fair market value of the marital residence was $215,000. If these figures were incorrect or incomplete, appellant certainly had ample opportunity to present additional evidence below. Appellant cannot now complain about the valuation he himself presented to the court. See Abrams v. Abrams (June 4, 1990), Butler App. No. CA89-07-111, unreported. Additionally, in setting the price at $215,000, the trial court selected the highest value that was placed before it. The trial court's order that the marital residence be listed for sale at $215,000 did not constitute an abuse of discretion. Appellant's first assignment of error is accordingly overruled.
In his second assignment of error, appellant asserts that the trial court erred in ordering an unequal division of the parties' property because of financial misconduct by appellant. Pursuant to R.C. 3105.171(C)(1), a court shall equally divide marital property. However, if an equal division would be inequitable, the court shall divide the marital property in a manner it believes is equitable. R.C. 3105.171(C)(1). If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the trial court may compensate the offended spouse with a distributive award or with a greater award of the marital property. R.C. 3105.171(E)(3).
When reviewing a trial court's division of marital property, an appellate court is limited to determining whether, under the totality of circumstances, the trial court abused its discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355; Moore v. Moore (Feb. 5, 1996), Fayette App. No. CA95-05-013, unreported. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Evaluating evidence and assessing credibility are primarily for the trier of fact. Ostendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46.
The trial court recognized that the parties' two-fifths interest in the Leslie County property that was purchased by the parties for $400 was marital property. However, the trial court held that appellant's fractional interest in this property was offset by his failure to account for $10,000 of marital property. Therefore, the trial court awarded the Leslie County property to appellee.
Appellant testified that he took marital property consisting of $10,000 and put it into a relative's safe. The $10,000 was unaccounted for at the time of the divorce. Appellant claimed that the $10,000 had disappeared due to a theft. However, appellant testified that an insurance claim was not filed for this alleged theft, nor did appellant take any other steps to recover the money. Rather, appellant testified that he unilaterally decided that the relative could keep the money "if it was worth that much to him." Based upon this evidence and the trial court's opportunity to assess the credibility of appellant, we conclude that the trial court's finding that appellant engaged in financial misconduct was not an abuse of discretion. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.